United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30542
Summary Calendar

FRANKLIN RICE,

Plaintiff-Appellant,

versus

CLOVIS TILLERY, Warden; RICHARD STALDER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-1112
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Franklin Rice, former Louisiana prisoner # 252163, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rice contends that district court erred in dismissing his complaint that the defendants were deliberately indifferent to the safety hazard to prisoners at the Richwood Corrections Center posed by the razor wire which surrounds the compound; that the district court erred in not granting his motion for a default

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment based on the defendants' failure to answer his request for waiver of service of summons; and that the district court erred in dismissing the complaint based on Rice's lack of objections to the MJ's report and recommendation.

Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Rule 28 of Federal Rules of Appellate Procedure. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review[.]" FED. R. APP. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Rice has not briefed adequately any of his arguments on appeal. Rice's appeal is without merit, and the appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.